**XUE ZHENG LIN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–3852–ag.

United States Court of Appeals, Second Circuit.

July 20, 2007.

Norman Kwai Wing Wong, New York, New York, for Petitioner.

Maxwell Wood, United States Attorney, Sharon T. Ratley, Assistant United States Attorney, Macon, Georgia, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Xue Zheng Lin, a native and citizen of China, seeks review of a July 27, 2006 decision of the BIA affirming the March 9, 2005 decision of Immigration Judge ("IJ") Robert Weisel, denying his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Xue Zheng Lin*, No. A77–317–118 (B.I.A. July 27, 2006), *aff'g* No. A77–317–118 (Immig. Ct. N.Y. City March 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003).

In this case, we find that substantial evidence supports the IJ's conclusion that Lin failed to establish past persecution or a well-founded fear of future persecution. First, even assuming that Lin could meet the definition of refugee by virtue of his girlfriend's forced abortion or sterilization, *cf. Matter of S–L–L*, 24 I. & N. Dec. 1 (BIA 2006), Lin's girlfriend was not forcibly aborted or sterilized. Instead, she suffered a miscarriage. Moreover, as noted by the BIA, Lin did not claim that he was ever arrested, detained, or otherwise mistreated by the Chinese officials. Therefore, substantial evidence supports the agency's finding that Lin did not establish past

persecution. Having failed to establish past persecution, Lin was not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). As the IJ observed, there is nothing in the record suggesting that the Chinese government will persecute Lin for his alleged violation of the family planning policy if he is returned to China.

Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Finally, because Lin failed to establish that he, given his particular circumstance, is "more likely than not" to be tortured if he is repatriated to China, his CAT claim must fail.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).